**280**

C. Michael **ABBOTT**, Plaintiff,

v.

Jimmy **CARTER**, Governor of the State
of Georgia, et al., Defendants.

Civ. A. No. 15689.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 7, 1972.

C. Michael Abbott, pro se.

H. Andrew Owen, Jr., Asst. Atty. Gen.,
for defendants.

## ORDER

Before BELL, Circuit Judge, and
HENDERSON and O'KELLEY, District
Judges.

PER CURIAM.

Plaintiff seeks a declaratory judgment
that the State of Georgia's durational
residence requirements for voting are
violative of the Fourteenth Amendment
to the United States Constitution. Georgia has established durational residence requirements of 1 year in the State, 6 months in the county and 90 days in the city. Georgia Constitution, Art. II, Sec. I, Par. III (Ga.Code Ann. § 2–703); Ga. Code §§ 34–602, 34A–501.

On March 21, 1972, the Supreme Court of the United States decided that Tennessee's durational residence requirements of 1 year in the State and 3 months in the county for voting purposes violated the United States Constitution. Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). We have reviewed that decision and can find no reason why its rationale and decision would not be binding in this case. We therefore decide that Georgia's durational residence requirements are unconstitutional.

However, the Supreme Court did recognize that a state does have the right to close its registration lists at some time prior to the day of election. This closing is not for the purpose of establishing any durational residence requirement, but for administrative purposes such as purging names, preparing election district voters' lists and other similar tasks. The State of Georgia has arrived at certain minimal deadlines it needs to perform these tasks and since the adoption of the Georgia Election Code and Municipal Election Code, these deadlines have been used. Ga.Code §§ 34–625, 34A–507. Plaintiff does not seek to invalidate these deadlines and this Court does not reach the question of their validity.

The effect of our decision is to invalidate Georgia's durational residence requirements as set out in this opinion and to the extent that Georgia's voter registration laws require oaths as to length of residence, these oaths must be modifed to comply with the decision in this case. See Ga.Code §§ 34–609, 34–631, 34A–505. Georgia may require its voters to be bona fide residents, but it may not require any length of residence as a condition to registering to vote.